IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIMBERLY KOPETSEG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO, *Commissioner of Social Security*,<br><br>　　　　Defendant. | Case No. 25-cv-00192-DKW-RT<br><br>**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE, AND (2) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

　　On May 21, 2025, the Court ordered Plaintiff Kimberly Kopetseg to show cause (OSC) why this case should not be dismissed for failure to prosecute after she failed to pay the filing fee, file a proper application to proceed without prepayment of the fee, or otherwise comply with a May 9, 2025 Entering Order. Dkt. No. 7.   Later the same day, Kopetseg filed both a revised application to proceed without prepayment of the filing fee (IFP Application) and a response to the OSC.   Dkt. Nos. 8-9.   The Court addresses each of these matters below.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

**Order to Show Cause**

Kopetseg asserts that, once she was alerted by the Court to an error in her initial application to proceed without prepayment of the filing fee, she "attempted to immediately file a corrected second application." Dkt. No. 9 at 1. Kopetseg further asserts that, despite attempting to re-file, "it appears that the electronic submission did not work, and the application did not go through." *Id*. The foregoing is not good cause for Kopetseg's failure to comply with the May 9, 2025 Entering Order, which is not even mentioned in her response, or for the failure to even check the docket of this case in the intervening period to verify her supposed attempted re-filing. Nonetheless, given that Kopetseg has now filed a belated IFP Application and, in light of the preference to decide cases on the merits, the Court DISCHARGES the OSC.

**IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Kopetseg has made the required showing under Section 1915(a).  In the IFP Application, Kopetseg states that she does not receive any pay or wages, and, in the last 12 months, her only income has been $400 per month in State "assistance" and $500 per month in food stamps.  Dkt. No. 8 at 1.  Kopetseg further states that she has $562 in a checking or savings account and owns a 2011 car valued at $2,500.  *Id*. at 2.  As for expenses, Kopetseg states that she pays a total of $330 per month for such things as cell service, supplies, medical expenses, and utilities.  *Id*.

In light of these figures, Kopetseg's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2025 Poverty Guidelines for Hawai'i.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited May 29, 2025).  In addition, Kopetseg has insufficient assets to provide security for the $405 filing fee while still affording the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

As a result, the Court GRANTS the IFP Application, Dkt. No. 8.

IT IS SO ORDERED.

Dated: May 30, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge